U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 13 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50134-01 |
|---|---|
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| ERIC GERMAN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is the United States' "Motion for Court Determination of Assets Subject to Forfeiture" (Record Document 147) as to Eric German ("German"). To date, German has filed no opposition to the United States' motion for court determination of assets subject to forfeiture; therefore, the Court assumes that German does not oppose the United States' motion.

As stated in the United States' motion, the federal grand jury returned a third superseding indictment in the above-captioned matter on June 23, 2005. (Record Document 78). Count 13 seeks forfeiture, under Title 21, United States Code, Section 853, of any property consisting or derived from proceeds German obtained directly or indirectly as the result of his drug distribution offenses. Count 14 seeks forfeiture, under Title 18, United States Code, Section 982, of any property traceable to or involved in German's money laundering conspiracy.

On August 17, 2005, a jury convicted German of conspiracy to distribute cocaine, conspiracy to distribute crack cocaine, possession with intent to distribute cocaine, and possession with intent to distribute crack cocaine. (Record Document 143). The jury also convicted German of conspiracy to commit money laundering. (Id.). After the jury returned

its verdict, German waived a jury determination on the forfeiture issue raised in Counts 13 and 14. (Record Document 139).

I.  **Criminal Forfeiture.**

Federal Rule of Criminal Procedure 32.2(b)(1) states:

> As soon as practicable after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

The United States "must establish the requisite nexus between the property and the offense by a preponderance of the evidence." United States v. Juluke, Nos. 04-30412, 04-30414, 2005 WL 2278106, *2 (5th Cir. Sept. 20, 2005).

The Court now proceeds to a determination of assets subject to forfeiture.

II. **Forfeiture Related To Drug Distribution Offenses (Count 13).**

Title 21, United States Code, Section 853 provides for criminal forfeiture in felony drug cases of the proceeds of the crime and property used to commit or facilitate the crime. In the instant case, the United States seeks a money judgment and forfeiture of property, i.e., the Young Loop Road property, consisting or derived from proceeds German obtained directly or indirectly as a result of his drug distribution offenses.

A.  **Money Judgment.**

During the eight day jury trial held in the above-captioned matter, the United States

presented evidence establishing that German was involved in the distribution of between 30 and 70 kilograms of cocaine between the late 1990s and his arrest in August 2004. Such evidence included, but was not limited to, the testimony of Kelvin Gay, physical evidence such as wrappers and empty baking soda boxes recovered from German's trash, the two kilograms of cocaine recovered from German on the night of his arrest, and German's confession to a Bossier City Police officer that he paid $17,000 per kilogram for cocaine. Further, there was testimony during trial that German could easily "double his profit" by cooking cocaine into crack and then repackaging the crack for resale.

The United States' contends that this evidence establishes that 30 kilograms of cocaine is a "very conservative estimate" of the cocaine distributed by German. Based on this amount, the United States seeks a money judgment in the amount of $510,000 (30 kilograms x $17,000 per kilogram). This simple, straightforward calculation is amply supported by the evidence adduced at trial.

The Court agrees with the United States' conservative estimate and finds that the calculated amount of $510,000 is a rather modest sum of the proceeds of German's long-term drug distribution offenses. The evidence could support a value of $1,190,000 (70 kilograms x $17,000 per kilogram). Thus, based on the evidence presented at trial, the Court finds by a preponderance of the evidence that the United States is entitled to a money judgment against German in the amount of $510,000 under Title 21, United States Code, Section 853.

**B. Young Loop Road Property.**

The United States seeks forfeiture of all land on Young Loop Road in Morehouse

Parish, Louisiana, titled in the name of Eric German, Latisha German, James German, Jr., Dora German, or German & Associates, Inc., together with its buildings, appurtenances, improvements, fixtures, attachments and easements.[1]  During the trial, the United States presented substantial and uncontradicted evidence that such property was directly or indirectly acquired or derived from money generated through German's drug distribution offenses and not from a legitimate business enterprise.  The United States presented ample evidence showing that German invested his drug proceeds in the acquisition of land and construction of apartments on the Young Loop Road property and that he did not have legitimate sources of income to support the acquisition of such property.  See Juluke, 2005 WL 2278106, *2 (discussing the significance of the district court's analysis of the defendant's limited legitimate income).  German has presented no witnesses or evidence contesting or contradicting the United States' evidence on this issue.

Based on this evidence, the Court finds by a preponderance of the evidence that the Young Loop Road property, as described in Count 13 of the indictment, is subject to forfeiture under Title 21, United States Code, Section 853.  The United States has established the requisite nexus between the property and German's drug distribution offenses.

### III.  Forfeiture Related To Money Laundering Conspiracy (Count 14).

Title 18, United States Code, Section 982 authorizes the criminal forfeiture of

---

[1] The Young Loop Road property includes, but is not necessarily limited to, property bearing the municipal addresses of 1279, 1281, 1283, 1285, 1287, 1289, 1291, 1293, 1295, 1297, 1299, 1301, 1302, 1303, 1305, 1306, 1307, and 1309 Young Loop Road, Bastrop, Louisiana.

"proceeds of" and "property involved in" a money laundering offense. Under this statute, the United States seeks forfeiture of the Young Loop Road property and also seeks a money judgment.

### A. Money Judgment.

The United States presented evidence during trial that German engaged in repeated financial transactions designed to conceal the location, source, ownership, and control of proceeds and property acquired with proceeds of his drug distribution offenses. Kathy Penfield, a certified public accountant, who, based on her review and analysis of various tax, banking, and financial records of the Germans and their "businesses," testified that German deposited drug proceeds disguised as rent receipts into bank accounts, purchased money orders with drug proceeds, and used drug cash to construct homes and apartment complexes. Specifically, the Court places great weight on Ms. Penfield's comprehensive expert testimony and her opinion that German's and his family's expenditures exceeded their known sources of legitimate income by $179,104. See Juluke, 2005 WL 2278106, at *2. Except for the examination of Ms. Penfield, German has presented no evidence contradicting or challenging this evidence. Thus, the Court finds by a preponderance of the evidence that the United States is entitled to a money judgment against German in the amount of $179,104 under Title 18, United States Code, Section 982.

### B. Young Loop Road Property.

The United States contends that the Young Loop Road property is subject to forfeiture as such property was involved in German's money laundering conspiracy. The Court agrees with the United States' assertion. The United States presented evidence

during the trial that German made several large cash payments, including payments to a carpenter, a bricklayer, a plumber, and a HVAC company, during the course of constructing the rental units on Young Loop Road. As noted above, there was evidence presented that German's cash expenditures exceeded his known sources of legitimate income. See Juluke, 2005 WL 2278106, at *2. Based on all the evidence, the Court finds by a preponderance of the evidence that the Young Loop Road property, as described in Count 14 of the indictment, is also subject to forfeiture under Title 18, United States Code, Section 982. The United States has sufficiently established the requisite nexus between the property and German's drug distribution offenses.

IV. **Conclusion.**

Considering the totality of the circumstances and based on the evidence presented by the United States at trial, and considering that defendant Eric German filed no opposition to the instant motion, the Court finds by a preponderance of the evidence that as to Count 13 of the third superseding indictment, the United States is entitled to a money judgment against Eric German in the amount of $510,000 and that the Young Loop Road property, as described in Count 13 of the indictment, is subject to forfeiture under Title 21, United States Code, Section 853. As to Count 14 of the third superseding indictment, the Court finds by a preponderance of the evidence that the United States is entitled to a money judgment against Eric German in the amount of $179,104 and that the Young Loop

Road property, as described in Count 14 of the indictment, is also subject to forfeiture under Title 18, United States Code, Section 982.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of October, 2005.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE