**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50134-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| ERIC GERMAN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is the "Government's Motion to Dismiss the Petition of German and Associates, Inc. for a Hearing to Adjudicate Its Third Party Claim To Property Pursuant to 21 U.S.C. § 853(n)(1)." (Record Document 191). For the reasons that follow, the Court finds that German and Associates, Inc. (hereinafter referred to as "German and Associates") has not met the filing requirements 21 U.S.C. § 853(n)(3). Additionally, German and Associates has failed, in both its petition for a hearing to adjudicate its third party claim and its opposition to the Government's motion to dismiss, to sufficiently set forth the nature and extent of its right, title or interest in the subject property and the time and circumstances of its acquisition of the right, title or interest in the subject property, as required by section 853(n)(3). Accordingly, the Government's motion to dismiss is **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND.**

The factual and procedural background of this case was adequately set forth in the Preliminary Order of Forfeiture (Record Document 152) issued by this Court on October 31, 2005. Thus, a detailed factual and procedural history is unnecessary.

In the Preliminary Order of Forfeiture, the Court ordered that any party claiming to have an interest in the subject property must comply with section 853(n)(3). <u>See</u> Record

Document 152 at 3. Specifically, the Court ordered that "any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought." Id., ¶ 6.

On January 17, 2006,[1] German and Associates filed a petition for hearing to adjudicate its third party claim to the subject property. See Record Document 187. German and Associates' petition referenced "Lots 7, 8, 9, 10, and 11 of Unit 2, of the Ralph-George Estate . . . Morehouse Parish, Louisiana." Id. at 1. The petition also referred to the conveyance book and page number containing the deed for each of the aforementioned lots. Id. at 1-2. Finally, the petition stated:

> The nature and extent of GERMAN AND ASSOCIATES, INC.'S right, title and interest in the aforementioned property was acquired via a transfer of the property by James and Dora German to GERMAN AND ASSOCIATES, INC. on or about March 4, 2003 after previously acquiring the said property during their previous community of acquets and gains through lawfully acquired funds.

Id. at 2.

On February 3, 2006, the Government filed the instant motion to dismiss, arguing that the petition filed by German and Associates, Inc. failed to meet the filing requirements of 21 U.S.C. ¶ 853.

---

[1]The actual notice of the Court's Preliminary Order of Forfeiture was served on German and Associates on December 1, 2005. Thus, German and Associates' petition was due by December 31, 2005. See Record Document 152, ¶ 4. However, the Government agreed to allow German and Associates to file its petition no later than January 17, 2006. See Record Document 191 at 3.

## II. LAW AND ANALYSIS.

There is no dispute that 21 U.S.C. § 853(n) guides the Court in ruling on the instant motion to dismiss. Specifically, the Government challenges whether the statement in German and Associates' petition that the subject property was acquired by James and Dora German "during their previous community of acquets and gains through lawfully acquired funds" satisfies the filing requirement of section 853(n)(3), i.e., that the petition shall set forth the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property. The Government contends that such a "conclusory statement provides inadequate facts concerning the circumstances of acquisition and does little more than cite random legal phrases asserting that the property belongs to German and Associates." See Record Document 191 at 5. Because there is ample case law supporting the principle that a third party claim under section 853(n) that fails to provide sufficient detail regarding the nature of the petitioner's interest may be dismissed for failure to comply with the statute's filing requirements, the Court agrees. See United States v. BCCI Holding (Luxembourg), S.A., 916 F.Supp. 1276, 1282 (D.D.C. 1996) (stating that "if a third party fails to allege in its petition all elements necessary for recovery . . ., the court may dismiss the petition without providing a hearing); United States v. Lindow, 98-CR244 (N.D.N.Y. Sept. 21, 2001) (denying Petitioner's claim and stating that "Petitioner must provide more information in order to meet the requirements of [21 U.S.C. § 853(n)]. It is well settled that bare allegations of legal title without more do not establish a claim."); United States v. Pegg, No. 00-16145 (11th Cir. June 6, 2001) (upholding dismissal of petition for failure to allege sufficient facts concerning the nature and extent of ownership interest). Simply put, the law requires more than a bare assertion of legal title or the use of random

legal phrases to establish the time and circumstances of a petitioner's acquisition of the right, title or interest in the subject property.

The Government also argues that the claim that the subject property was acquired with lawful funds by James and Dora German during their previous community of acquets and gains and then later transferred to German and Associates is contrary to facts contained in the public records. For instance, as to Lots 7 and 8, James and Dora German gave a lifetime usufruct on the property to defendant Eric German on January 22, 2001. See Record Document 191, Exhibit 4. Then, on March 4, 3002, James and Dora German transferred their remaining interest in the property to German and Associates. See id., Exhibit 5. Further, the public records evidence that Lots 9, 10 and 11 were never part of the community of acquets and gains of James and Dora German. See id., Exhibits 5, 7, & 8. Thus, the Court agrees with the Government's contention that German and Associates' third party petition should be dismissed because contrary to statute, it omits key factual information pertaining to the acquisition of the subject property.

The Court finds unpersuasive the bare bones opposition brief filed by German and Associates. The opposition brief cites no case law; the only argument German and Associates makes in response to the Government's motion to dismiss is that an adequate petition containing all of the required information under section 853(n)(3) was filed on January 17, 2006. See Record Document 197 at 2. Specifically, German and Associates maintains:

> Said petition adequately sets forth the nature and extent of the petitioner's right, title or interest in the property as required by law and contains all the facts and information possessed by the succession representative at the time of the filing. If it is deemed that additional factual allegation are necessary German and Associates, Inc. will certainly provide those or

supplement and amend its petition within the time set by this Honorable Court.

Id. at 2. Thus, despite a chance to cure the defects in its sketchy original petition, German and Associates' opposition simply seeks, as stated by the Government, a "second bite at the apple" to correct its deficiencies. Any attempt by German and Associates to argue that a "very limited time frame" to prepare its petition and/or its opposition excuses its neglect to meet the filing requirements of section 853(n)(3) is not persuasive. German and Associates' third party petition was filed on January 17, 2006;[2] the Government filed its motion to dismiss on February 3, 2006; and German and Associates opposed the motion to dismiss on March 10, 2006. This three month period provided more than enough time for German and Associates to research and ascertain the facts necessary to comply with section 853(n)(3)'s requirement that the third party petition set forth the time and circumstances of German and Associates' acquisition of the right, title or interest in the subject property.

### III. CONCLUSION.

Based on the foregoing, the Court finds that German and Associates has not met the filing requirements section 853(n)(3). Neither the third party petition nor the opposition brief filed by German and Associates sufficiently state the time and circumstances of German and Associates' acquisition of the right, title or interest in the subject property. Accordingly, the Government's motion to dismiss is **GRANTED**.

---

[2] Again, the Court notes that the Government agreed to a two week extension of time for German and Associates to file its third party petition.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the 21st day of April, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE