UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:04-CR-50134-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ERIC GERMAN (01)** | **MAGISTRATE JUDGE HORNSBY** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA") of 2018, filed by Defendant Eric German, whereby German seeks a reduction of his term of imprisonment to time served. [ECF No. 382]. The government opposes the motion, arguing German is not eligible for relief under the FSA. [ECF No. 380]. Alternatively, the government urges the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in granting any reduction to Defendant's sentence. For the reasons set forth below, Defendant's motion is GRANTED AS MODIFIED, and the Court will REDUCE Defendant's term of imprisonment to twenty years.

### I.
#### BACKGROUND

On August 17, 2005, German was found guilty by a jury of the following offenses: conspiracy to distribute five kilograms or more of cocaine (Count 1), conspiracy to distribute fifty grams or more of cocaine base (Count 2), possession with intent to distribute 500 grams or more of cocaine (Count 4), possession with intent to distribute fifty grams or more of cocaine base (Count 5), and conspiracy to commit money laundering (Count 12).[1] [ECF No. 143]. A sentencing

---

[1] A criminal complaint issued on August 13, 2004, and German was arrested the same day. [ECF Nos. 1, 5]. The original indictment was returned on August 26, 2004. [ECF No. 11]. German was tried on the charges set forth in the third superseding indictment, which was returned on June 23, 2005. [ECF No. 78].

hearing was held on December 15, 2005. [ECF No. 176]. The statutory term of imprisonment was ten years to life on Counts 1, 2 and 5, five to forty years on Count 4, and up to twenty years on Count 12. [PSR at 16]. As set forth in the Presentence Investigation Report ("PSR"), because all counts of conviction "involved substantially the same harm which related to the distribution of illegal drugs," all counts were grouped together to determine a single offense level pursuant to USSG 3D1.2(d). [PSR at 9]. German's total offense level was 44, and his criminal history was a category IV, resulting in a guideline imprisonment range of life.[2] [PSR at 16]. The Court sentenced German to life in prison on Counts 1, 2 and 5, forty years on Count 4, and twenty years on Count 12, with all sentences to run concurrently. [ECF No. 177 at 2]. The Court additionally imposed an eight-year term of supervised release on Counts 1, 2, 4 and 5, and a three-year term of supervised release on Count 12, with supervised release on all counts to run concurrently. *Id.* at 3. Thereafter, the Fifth Circuit affirmed German's conviction and sentence. [ECF No. 213]. On January 19, 2017, German's total sentence was commuted by President Barack Obama to 324 months of imprisonment. [ECF No. 364 at 9].

## II.
### APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses

---

As set forth above, German was found guilty on Counts 1, 2, 4 and 5. He was found not guilty of conspiracy to distribute 100 kilograms or more of marijuana (Count 3). [ECF No. 143].

[2] Due to the amount of narcotics involved, German's base offense level was 38. Two points were added due to two handguns found in German's bedroom during a search of his residence. Four points were added due to German's role as an organizer of criminal activity involving five or more participants. Because German exercised his right to a trial on the charges, he received no reduction in points for acceptance of responsibility. Accordingly, his total offense level was 44. [PSR at 9-10].

involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at 2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base threshold to 28 grams. *Id.* The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

### III.
### ANALYSIS

**A.      Whether Defendant is eligible for relief under the First Step Act**

The government contends German is ineligible for relief "based on the total crack quantity attributed to him in the sentencing record." [Doc. No. 380 at 6]. The government acknowledges "that this argument was rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019)). In *Jackson*, the Fifth Circuit held, "[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Jackson* at 320; *see also United States v. James Roy White*, 807 Fed.Appx. 375, 376-77 (5th Cir. 2020). Accordingly, the Court finds the amount of cocaine base attributed to German at his sentencing hearing for guideline purposes has no bearing on his eligibility for relief under Section 404 of the First Step Act.

The government additionally argues that even if the Court finds German's cocaine base convictions are covered offenses, no relief is available because German's powder cocaine convictions are not covered offenses. [ECF No. 380 at 4-5]. According to the government, because German's 324-month sentence includes both covered and non-covered offenses under the FSA, the Court is not authorized to reduce German's sentence. *Id.* This issue was recently addressed by the Seventh Circuit in *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020). In that matter, Hudson had been convicted in 2003 of two cocaine base offenses and one firearm offense. *Id.* at 607. The district court sentenced Hudson to forty years on the firearm offense and the first cocaine base offense, and to thirty years on the second cocaine base offense, with all sentences to run concurrently. *Id.* at 607-08. Thereafter, Hudson filed a motion for sentence reduction pursuant to

Section 404 of the First Step Act. *Id.* at 608. The court reduced Hudson's sentence on the crack offenses to 262 months' imprisonment. However, because the firearm offense was not a "covered offense" under the First Step Act, the court determined it was not permitted to reduce the sentence on the firearm charge and therefore left the corresponding forty-year sentence in place. *Id.* The result was that Hudson's aggregate sentence remained forty years, despite the sentence reduction for his covered offenses. *Id.*

On appeal, the Seventh Circuit held that because Hudson's cocaine base convictions were covered offenses under the First Step Act, he was eligible for a reduction to his entire sentence. The court found that Hudson's eligibility to have the court consider a sentence reduction included the firearm offense, "because that offense was grouped with Hudson's covered offenses for sentencing, and the resulting aggregate sentence included Hudson's sentences for both the firearm and covered offenses." *Id.* at 610 (citing *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020); *United States v. Venable*, 943 F.3d 187, 193 (4th Cir. 2019)). The court reasoned as follows:

> This conclusion aligns with the text of the First Step Act, which says: a court that "imposed a sentence for a covered offense" may "impose a reduced sentence as if" the Fair Sentencing Act "were in effect at the time the covered offense was committed." § 404(b). That language does not bar a court from reducing a non-covered offense. The district court agreed that Hudson's crack offenses were covered offenses; and the text of the First Step Act requires no more for a court to consider whether it should exercise its discretion to reduce a single, aggregate sentence that includes covered and non-covered offenses.
>
> Excluding non-covered offenses from the ambit of First Step Act consideration would, in effect, impose an extra-textual limitation on the Act's applicability. In Section 404(c), the Act sets forth two express limitations on its applicability. First, a court cannot consider a defendant's motion if that defendant already reaped the benefits of the Fair Sentencing Act's amendments or received the benefit of a "complete review" of a previous motion to reduce a sentence under the section 404 of the First Step Act. § 404(c). Second, Congress made clear that a court is not "require[d] ... to reduce any sentence" under the Act. *Id.* If Congress intended the Act not to apply when a covered offense is grouped with a non-covered offense, it could have included that language. It did not. And "we decline to expand the limitations crafted by Congress." *Gravatt*, 953 F.3d at 264.

> In addition, a court's consideration of the term of imprisonment for a non-covered offense comports with the manner in which sentences are imposed. Sentences for covered offenses are not imposed in a vacuum, hermetically sealed off from sentences imposed for non-covered offenses. Nor could they be. Multiple terms of imprisonment are treated under federal law as a single, aggregate term of imprisonment, 18 U.S.C. § 3584(c), and we've recognized "a criminal sentence is a package composed of several parts." *United States v. Litos*, 847 F.3d 906, 909 (7th Cir. 2017). Indeed, the Guidelines require a court to group similar offenses, U.S.S.G. § 3D1.2, and to assign a combined offense level for all counts. . . .
>
> In sum, a court is not limited under the text of the First Step Act to reducing a sentence solely for a covered offense. Instead, a defendant's conviction for a covered offense is a threshold requirement of *eligibility* for resentencing on an aggregate penalty. Once past that threshold, a court may consider a defendant's request for a reduced sentence, including for non-covered offenses that are grouped with the covered offenses to produce the aggregate sentence.

*Id.* at 610-11; *Cf. United States v. Bass*, 104 Fed.Appx. 997, 1000 (5th Cir. 2004); *United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016).

In this matter, German was convicted of violating a statute for which the penalties were modified by Section 2 of the Fair Sentencing Act. German's violations of that statute occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief. German's sentence was not "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Therefore, German was convicted of a "covered offense" and is eligible for relief under the First Step Act. Accordingly, the Court finds it may consider German's request for a reduced sentence, "including for non-covered offenses that [were] grouped with the covered offenses to produce the aggregate sentence." *Hudson* at 611.

### B.     Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory sentencing range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v.*

*Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). German was originally subject to a statutory term of imprisonment of ten years to life for his two covered offenses (Counts 2 and 5). The Fair Sentencing Act of 2010 reduced the statutory term on those counts to five to forty years. German's statutory sentencing range for Count 1 remains ten years to life.[3] Due to his total offense level which is primarily driven by the amount of narcotics involved, German's sentencing guideline range remains life in prison.[4] However, in light of the commutation, German's sentence may not exceed 324 months.

    As to the nature and circumstances of the offense, it is a non-violent narcotics offense involving the conversion of cocaine into cocaine base for sale, as well as the "laundering" of the illegal proceeds from such sales. Additionally, while two firearms were discovered in German's bedroom during a search of his residence, there is no indication that German engaged in any violent acts during the course of the conspiracy. As to the history and characteristics of this defendant, German's criminal history is unremarkable. He has three convictions for possession of marijuana incurred at ages twenty-two, twenty-four, and thirty-two. At age eighteen German was convicted of petty theft; at twenty-one he was convicted of criminal trespass. Prior to the instant offense,

---

[3] German's statutory sentencing range remains five to forty years on Count 4 and up to twenty years on Count 12.

[4] Were the Court resentencing German de novo, it would likely find his criminal history (determined to be a category IV) is overstated. German was assessed one point for his conviction for petty theft, which was imposed on April 4, 1990. If the foregoing sentence was imposed more than ten years prior to German's commencement of the instant offense, it should not have been assessed any points. *See* PSR at 10, ¶ 47; USSG 4A1.2(e). A reduction of one criminal history point would reduce German's criminal history category to III. However, such a finding would not impact German's sentencing guideline range due to his total offense level.

German's longest term of incarceration was seventy-five days. German has a supportive family and two children who are approximately 17 and 27 years old.

German is now 49 years old. He has been incarcerated for these offenses since he was 33 years old. German's projected release date is September 24, 2027.[5] While in the custody of the Bureau of Prisons ("BOP"), German has taken advantage of various educational and vocational opportunities in furtherance of his rehabilitation, and he has completed the residential drug treatment program. [ECF No. 382-5]. His security classification is minimum, and according to BOP, he has a low risk of recidivism. *Id.* at 1. In his sixteen years in BOP custody, German has had only three disciplinary events, with the last one occurring in 2015. *Id.* at 3. German lost good conduct time for only one of the foregoing incidents.

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to 240 months is sufficient but not greater than necessary to comply with the purposes of sentencing. Such a sentence is a substantial prison term, commensurate with the crimes German committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. Nos. 382] is GRANTED, and the Court will issue an amended judgment reducing Defendant's term of incarceration to 240 months.

---

[5] *See* https://www.bop.gov/inmateloc/ (last visited October 14, 2020).

Except as modified in this paragraph, all other provisions of the Judgment imposed on December 15, 2005 [ECF No. 177] REMAIN in effect.

SIGNED this 15th day of October, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE